IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH RULE AND JENNIFER RIEDY,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIFUND CCR, LLC,<br><br>    Defendant. | Civil Action No. 2:20-cv-990 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Unifund CCR, LLC ("Unifund") is removing the civil action captioned *Beth Rule and Jennifer Riedy v. Unifund CCR, LLC* pending in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number GD-20-006595 to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

### I.    INTRODUCTION

1.    On June 8, 2020, Plaintiffs Beth Rule and Jennifer Riedy ("Plaintiffs") filed a Class Action Complaint against Unifund in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number GD-20-006595. The Class Action Complaint was served on Unifund on June 15, 2020. A true and correct copy of the Class Action Complaint ("Compl."), the only process, pleading, and/or order served on Unifund, is attached hereto as **Exhibit A**.

2.    Plaintiffs' Class Action Complaint alleges that Unifund violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by making false representations and engaging in deceptive conduct. Plaintiffs' Class Action Complaint asserts causes of action for Violations of the FDCPA, 15 U.S.C. §§ 1692, 1692e, 1692e(8), and 1692(d) (Compl., Count I), Violations of the FDCPA, 15 U.S.C. §§ 1692f, 1692f(8), and 1692(d)

(Compl., Count II), and a Permanent Injunction (Compl., Count III). Plaintiffs' Class Action Complaint seeks actual, consequential, statutory, and/or punitive damages, declaratory relief, injunctive relief, attorneys' fees and costs, and pre-judgment and post-judgment interest (Compl., Prayer for Relief).

**II.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OF THIS CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331.**

    **A.   This Court has original subject matter jurisdiction of Plaintiffs' claims for violations of the FDCPA (Counts I and II) pursuant to 28 U.S.C. § 1331.**

    3.   This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because the federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and this civil action (*see,* Compl., Counts I and II) arises under the FDCPA, a federal law. *See, e.g., Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir. 1987).

    **B.   This Court has supplemental or pendent subject matter jurisdiction of Plaintiffs' claim for a permanent injunction (Count III) pursuant to 28 U.S.C. § 1367.**

    4.   This Court should also exercise jurisdiction over Plaintiffs' claim for a permanent injunction (Compl., Count III) pursuant to 28 U.S.C. § 1367 because it is so related to Plaintiffs' claims for violations of the FDCPA (Compl., Counts I and II) that it forms part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see, also, Local No. 1 (ACA) Broadcast Employees of International Brotherhood of Teamsters, etc. v. International Brotherhood of Teamsters,* 614

F.2d 846, 850 (3d Cir. 1980) ("Federal courts have the constitutional power to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court.")

III. **UNIFUND HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.**

5. Plaintiffs' Complaint was served on Unifund on June 15, 2020. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").

6. The Court of Common Pleas of Allegheny County, Pennsylvania is located within the Western District of Pennsylvania, see 28 U.S.C. § 105(b), and venue for this action is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a) because the Western District of Pennsylvania is the "district and division embracing the place where such action is pending."

7. Immediately following the filing of this Notice of Removal, Unifund will file a Notice of Filing Notice of Removal in the Court of Common Pleas of Allegheny County, Pennsylvania and serve the same upon Plaintiffs as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing Notice of Removal (without Exhibit) is attached hereto as **Exhibit B**.

IV. **NON-WAIVER AND RESERVATION**

8. By removing this action to this Court, Unifund does not waive any defenses, objections, or motions available under state or federal law. Unifund expressly reserves the right

3

to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal of Plaintiffs' claims on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum *non conveniens*.

WHEREFORE, Defendant Unifund CCR, LLC hereby gives notice that the civil action captioned *Beth Rule and Jennifer Riedy v. Unifund CCR, LLC* pending in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number GD-20-006595 is removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

Dated: July 2, 2020

/s/ Nicholas J. Godfrey
Nicholas J. Godfrey, Esq.
Pa. I.D. No. 312031
DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.288.5861 (t)
412.281.5055 (f)
nicholas.godfrey@dinsmore.com

*Counsel for Defendant Unifund CCR, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following this 2nd day of July, 2020 by U.S. Mail, First Class and E-Mail:

>Joshua P. Ward, Esq.
>The Law Firm of Fenters Ward
>The Rubicon Building
>201 South Highland Avenue
>Suite 201
>Pittsburgh, PA 15206
>
>*Counsel for Plaintiffs Beth Rule and Jennifer Riedy*

/s/ Nicholas J. Godfrey
Nicholas J. Godfrey, Esq.