# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH RULE and JENNIFER RIEDY, *On behalf of themselves and all others similarly situated,* | : : : : Case No.: 2:20-cv-00990-MPK |
| Plaintiff, | : |
| v. | : |
| UNIFUND CCR, LLC, | : |
| Defendant. | : |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | TABLE OF AUTHORITIES | iv |
| II. | PRELIMINARY STATEMENT | 1 |
| III. | NATURE AND BACKGROUND OF THE CASE | 7 |
| IV. | THE PROPOSED SETTLEMENT | 7 |
| | A. Opt Out and Objection Procedures | 8 |
| | B. Release | 9 |
| | C. Class Representative Service Payment | 9 |
| | D. Attorneys' Fees and Costs | 9 |
| | E. Remaining Funds | 10 |
| V. | NOTICE AND SETTLEMENT ADMINISTRATION | 10 |
| VI. | ARGUMENT | 11 |
| | A. The Class Should Be Preliminarily Certified for Purposes of Settlement | 11 |
| | B. Rule 23(a)'s Requirements Are Satisfied | 12 |
| |     a. Numerosity | 12 |
| |     b. Commonality | 12 |
| |     c. Typicality | 13 |
| |     d. Adequacy of Representation | 14 |
| | C. Rule 23(b)'s Requirements Are Satisfied | 14 |
| |     a. Predominance | 14 |
| |     b. Superiority | 15 |

　　　　D.　　Preliminary Approval of the Proposed Settlement is Warranted............ 16
VII.　CONCLUSION ............................................................................................... 18

## I. TABLE OF AUTHORITIES

**Cases** **Pages**

*Carr v. Flowers Foods, Inc.*
    2019 WL 2027299 (E.D.Pa., 2019)......................................................................7

*Good v. Nationwide Credit, Inc.*
    2016 U.S. Dist. LEXIS 32154............................................................................10

*Hawk Valley, Inc. v. Taylor*
    301 F.R.D. 169 (E.D.Pa.,2014) ..........................................................................7

*In re Baby Products Antitrust Litigation*
    708 F.3d 163 (2013) .........................................................................................11

*In re Imprelis Herbicide,*
    2013 U.S. Dist. LEXIS 18332, at *8 (E.D. Pa. Feb. 11, 2013)................................7

*In re Modafinil Antitrust Litig*
    837 F.3d 238 (3d Cir. 2016)................................................................................7

*In re Warfarin Sodium Antitrust Litig*
    391 F.3d 533 (2004) .........................................................................................10

*Marcus v. BMW of North America, LLC*
    687 F.3d 583 (C.A.3 (N.J.) (2012) .....................................................................7

*Saunders v. Berks Credit and Collections, Inc*
    2002 WL 1497374..............................................................................................8

*Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*,
    758 F.2d 86 (3d Cir.1985)................................................................................11


**STATUTES, RULES, AND REGULATIONS**

15 U.S.C. § 1692.................................................................................... 1, 2

Federal Rule of Civil Procedure 23.......................................................... 6

Federal Rule of Civil Procedure 23(a) ..................................................... 7

Federal Rule of Civil Procedure 23(a)(2) ................................................................. 8

Federal Rule of Civil Procedure 23(b)(3) ................................................................. 9

Federal Rule of Civil Procedure 23(c) ................................................................... 11

Federal Rule of Civil Procedure 23(c)(3) ............................................................... 10

Federal Rule of Civil Procedure 23(e)(1) ............................................................... 10

Federal Rule of Civil Procedure 23(e)(2) ............................................................... 10

Federal Rule of Civil Procedure 23(e)(5) ............................................................... 10

## II. PRELIMINARY STATEMENT

Plaintiffs Beth Rule and Jennifer Riedy ("Plaintiffs") and Defendant Unifund CCR, LLC (Defendant) (Plaintiffs and Defendant are collectively referred to herein as the "Parties") have reached a class action settlement ("Settlement") of this matter, as set forth in the Class Action Settlement Agreement ("Settlement Agreement") filed as Exhibit 1 hereto.[1] The Settlement includes a payment of $30.00 to Class Member's account where the account is closed at the time payment to Class Members[2] is due or a credit of $100.00 to the balance due on each Class Member's account wherein the account remains open at the time payment is due. The Settlement further includes equitable relief insofar as Defendant has filed motions to seal in each Class Member's collection action and Defendant has directed its counsel to comply with the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts, 204 Pa. Code § 213.81. Notice will be effectuated through first-class mail sent directly to Settlement Class Members and administered by First Class, Inc. The Settlement Class Members are readily identified by and through the records possessed by Defendant.

The Settlement was reached by the Plaintiffs' counsel with a keen understanding and extensive experience in litigation concerning the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The provided relief meets the standards of fairness when taking into consideration the nature of Plaintiffs' claims and the inherent risks of class litigation. Accordingly,

---

[1] Defendant does not oppose this motion insofar as it supports the Settlement. Defendant does not concede or admit Plaintiff's assertions or allegations.

[2] Unless defined herein, capitalized terms are defined in the Settlement Agreement.

Plaintiffs respectfully request the Court; (1) grant preliminary approval of the Settlement, as set forth in the Settlement Agreement; (2) provisionally certify the proposed Settlement Class; (3) appoint Plaintiffs' attorneys as Class Counsel; (4) appoint Plaintiffs as the representatives of the Settlement Class; and (5) schedule the Final Approval Hearing and related dates as proposed.

### III. NATURE AND BACKGROUND OF THE CASE

This case rests on alleged violations of the FDCPA, which prohibits, the use and employment of any false and misleading statements in connection with the collection of an alleged debt. *See* 15 U.S.C. § 1692e(10) of the FDCPA. The FDCPA provides a private cause of action to persons who receive such calls. *See* 15 U.S.C. § 1692k.

Plaintiffs are Pennsylvania residents who allege they were subject to false and misleading statements in the course of a debt collection action. On July 2, 2020, Plaintiff filed a putative class action complaint in the United Stated District Court for the Western District of Pennsylvania against Defendant alleging claims for violations of the FDCPA. On November 3, 2020, the parties mediated this case with the esteemed Former Judge Kenneth Benson. While a settlement was not reached during the initial mediation session, it quickly culminated in the Settlement before the Court now.

### IV. THE PROPOSED SETTLEMENT

Pursuant to the Settlement Agreement, Plaintiff seeks certification of the following Settlement Class for settlement purposes only:

> All individuals in the State of Pennsylvania against whom Unifund: (a) filed a lawsuit on or after June 8, 2019; (b) attaching

2

> Financial Source Documentation, defined in 204 Pa. Code § 213.81, as exhibits to one or more pleadings; (c) without filing an accompanying Confidential Document Form; and (d) certifying, through counsel, compliance with 204 Pa. Code § 213.81

(Agreement ¶ H.) The proposed Settlement encompasses approximately 1,129 individuals. and establishes: (1) a settlement fund sufficient to pay each Class Member Thirty Dollars ($30), provided such Class Member's Account has been closed by the time payment to Class Members is due (hereinafter, the "Settlement Fund");[3] (2) a settlement award of Thirty Dollars ($30.00) from the Settlement Fund to Settlement Class Members, provided such Class Member's Account with Defendant has been closed by the time payment to Class Members is due; (3) a balance credit award of One Hundred Dollars ($100.00) to Settlement Class Members provided such Class Member's Account with Defendant has not been closed by the time payment to Class Members is due; (4) Settlement Administration Expenses; (5) equitable relief insofar as Defendant has moved for orders to seal the related underlying related collection actions; (6) attorneys' fees of $25,000.00, subject to Court approval; and (7) a Class Representative Incentive Award to Plaintiffs of $1,250.00 each. Defendant shall pay all reasonable and necessary costs of settlement administration charged by the Settlement Administrator. Each Settlement Class Member shall be entitled to receive the above referenced cash award or credit balance. Any amounts remaining in the Settlement Fund after

---

[3] For avoidance of doubt, Defendant shall deposit in the Settlement Fund only such funds as are sufficient to pay those Settlement Class Members entitled to a cash payment under the Settlement Agreement.

the void date shall be disbursed within ten (10) days of said void date to Neighborhood Legal Services Association as a *cy pres* award.

### A. Opt Out and Objection Procedures

Persons in the Settlement Class will have the opportunity to exclude themselves from the Settlement or object to its approval. Class Notice informs Settlement Class Members that they will have an opportunity to appear and have their objections heard by this Court at a Final Approval Hearing. The Notice also informs Settlement Class Members that they will be bound by the release contained in the Settlement unless they timely exercise their opt-out right. (*Id.* ¶ 6.2).

### B. Release

The release is tailored to this case involving violations like those alleged and is limited to Settlement Class Members identified on the Class List, which has been thoroughly researched and investigated by the parties. In exchange for settlement benefits, the Settlement Class Members who do not timely opt out of the Settlement will release Settling Defendant from any and all claims against the Settling Defendant. The release is limited to claims arising from the complained-of course of conduct and is further limited only to the individuals contained on the Class List. (*Id.* ¶¶ 1.26-1.28).

### C. Class Representative Service Payment

If approved by the Court, the Plaintiffs will receive a Class Representative Incentive Award of $1,250.00, each. This award will compensate Plaintiffs for their time and effort and for the risk they undertook in prosecuting this case.

### D. Attorneys' Fees and Costs

If the Settlement receives preliminary approval, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees in the amount of $25,000.00 pursuant to the Settlement terms paid by Defendant without drawing from the Settlement Fund. An award of attorneys' fees and costs will compensate Plaintiffs' Counsel for the work already performed in relation to the settled claims, as well as the remaining work to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly implemented, and obtaining dismissal of the action.

### E. Remaining Funds

Any amount remaining in the Settlement Fund after paying all approved Claim Forms, will be distributed to a Court-approved *cy pres* recipient. The Parties propose Neighborhood Legal Services as an appropriate recipient. (Agreement ¶ 5.2).

## V. NOTICE AND SETTLEMENT ADMINISTRATION

Settlement Administration Expenses will be exclusively paid by Defendant. The Parties have agreed upon, and propose that the Court approve, the First Class, Inc. to be the Settlement Administrator, to implement the Class Notice, and to administer the Settlement, subject to review by counsel and the Court.

Class notice carries with it constitutional guarantees of procedural due process that must be "reasonable calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 174 (U.S.N.Y. 1974) citing *Mullane v. Central Hanover Bank & Trust*

*Co.*, 339 U.S. 306 (1950). The proposed notice process satisfies the constitutional guarantees and possessed adequate safeguards to ensure class members are apprised of the action. Defendant possesses each class member's location information within their records and will include, within the first-class mailing, a request for a forwarding address. Additionally, the Class Administrator will mail the Class Notice to any relevant forwarding address within five days of receipt of said address. Prior to or during the Approval Hearing, the Parties will present to the Court a written statement from the Settlement Administrator that it mailed Class Notices in Compliance with the Preliminary Approval Order. A proposed form of the Class Notice will be submitted promptly following preliminary certification of the class.

The Settlement Agreement provides for notice to the Class through mail to all Class Members included in the Class List and its request for a forwarding address ensures adequate measures are taken to notify all Class Members. The methods of communication delineated within the proposed notice and the Settlement Agreement complies fully with the requirements of Rule 23.

## VI. ARGUMENT

### A. This Class Should Be Preliminarily Certified for Purposes of Settlement

In the circumstances proposed here, the requirements of Rule 23, and Rule 1708 of the Pennsylvania Rules of Civil Procedure, are met for settlement purposes. Therefore, the Court should conditionally certify the class for purposes of providing notice as empowered in *In re Imprelis Herbicide*, No. 11-md-2284, 2013 U.S. Dist. LEXIS 18332, at *8 (E.D. Pa. Feb. 11, 2013).

### B. Rule 23(a)'s Requirements are Satisfied

Fed. R. Civ. P. 23(a) requires that plaintiffs demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

#### i. Numerosity

The numerosity requirement is met where joinder of all members is impracticable. "'While no minimum number of plaintiffs is required to maintain a suit as a class action,' as a general rule, 'if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.'" *Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, at *8 (E.D.Pa., 2019) citing *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249-50 (3d Cir. 2016). Numerosity is readily satisfied here as Defendant's records indicate that 1,142 individuals fall within the Settlement Class.

#### ii. Commonality

Commonality is met where "there are questions of law or fact common to the class" and a "single common question" will suffice for commonality purposes. *Id.* citing *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 597 (C.A.3 (N.J.),2012). "Generally, where defendants have engaged in standardized conduct towards members of the proposed class, common questions of law and fact exist". *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 182 (E.D.Pa.,2014).

Here, Defendant engaged in a uniform and systematic approach towards litigating against members of the proposed class in a course of conduct Plaintiff alleges as violative of the FDCPA

7

giving rise to a common question of fact. Plaintiff contends issues of law exist common to all Settlement Class Members such as: (1) Whether Defendant engaged in a false and deceptive course of conduct in connection with the collection of an alleged debt; (2) Whether Defendant utilized impermissible symbols in connection with the collection of an alleged debt; and (3) Whether Defendant's conduct constituted the use or abusive and harassing practices in the course of collecting an alleged debt. Accordingly, given the uniform nature of the conduct, common questions of law and fact exist as to the class satisfying Fed R. Civ. P. 23(a)(2).

### iii. Typicality

Typicality requires the claims and defenses of the parties to be representative and typical of the class. "a court must consider 'whether the named plaintiffs' claims are typical, in commonsense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *Id*. citing *Saunders v. Berks Credit and Collections, Inc.,* 2002 WL 1497374, at *7, 2002 U.S.Dist. LEXIS 12718, at *19. Typicality is readily satisfied here as Plaintiffs' claim is that Defendant improperly utilized false and deceptive means in an attempt to collect a debt and therefore is liable for statutory damage sunder the FDCPA. Each class member suffered roughly the same alleged injury resulting from Defendant's practices.

Plaintiffs are typical of the Settlement Class Members because they were allegedly subjected to the same practices which resulted in the same injuries, as the class members. Additionally, the relief provided by the settlement will remedy and benefit Plaintiffs and the Settlement Class to address the complained-of harm.

### iv. Adequacy of Representation

There is nothing to suggest Plaintiffs have interests opposed to those of the Settlement Class Members and Plaintiffs are not antagonistic towards the named Plaintiffs and the Settlement Class Members generally. Plaintiffs have obtained a Settlement that treats all Settlement Class Members in equanimity across the Class and provides a recovery beneficial to the interests of the Settlement Class Members generally. Further, Plaintiffs' counsel are experienced in class-action litigation counsel have zealously represented the interests of the proposed Class and will continue to do so.

### C. Rule 23(b)'s Requirements are Satisfied

The Settlement Class meets the muster of Fed. R. Civ. P. 23(b)(3) which evaluates the existence of questions of law or fact common to class members, whether those questions predominate over any questions affecting only individual members, and ensures that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

#### i. Predominance

In this case, common legal issues predominate as the claims arise under the FDCPA and therefore seek statutory damages. The common course of conduct complained-of by Plaintiffs has been identified by records and data within Defendant's possession as the course of conduct arose from litigation initiated against the class by Defendant. Further, whether said course of conduct is violative of the FDCPA relates to each Class member in equanimity across the Settlement Class.

#### ii. Superiority

The other prong of Fed. R. Civ. P. 23(b)(3) assesses whether a class action suit provides the optimal mechanism to address the claims of the Class Members. "The superiority

requirement 'asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" *Good v. Nationwide Credit, Inc.*, No. 14-cv-4295, 2016 U.S. Dist. LEXIS 32154, at *22 (E.D. Pa. Mar.14, 2016) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 533 (2004).

Here, superiority is readily met as the Settlement provides both a remedy and an accessible mechanism for Class Members to pursue their claim. Given the statutory maximum of $1,000.00 for a violation of the FDCPA, many class members are disincentivized to pursue such a claim especially in light of the technical nature of the violation at hand. Furthermore, where a significant proportion of the Class Members choose to pursue a civil remedy, if the class is not certified, the courts would find themselves flooded in FDCPA litigation greatly burdening judicial economy. Therefore, the proposed class readily meets the superiority requirements of Fed. R. Civ. P. 23(b)(3).

### D. Preliminary Approval of the Proposed Settlement is Warranted

The settlement of a class action requires court approval and review of a proposed class action settlement proceeds in two stages. To initiate the first, the parties submit a proposed settlement to the court to which it makes a preliminary evaluation concerning the fairness of the settlement. If acceptable to the court, notice is then to be provided to all class members bound by the proposal to afford constitutional due process. *See* Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5). Following this, and subsequent to notice to the class of the settlement, the court holds a hearing to determine if the settlement is "fair, reasonable and adequate." *See* Fed. R. Civ. P. 23(e)(2). It is only following this hearing does the settlement receive final approval.

Plaintiff now seeks to comply with the first prong in which the court establishes a preliminary determination of fairness.

## VII. CONCLUSION

For the reasons set forth above, the Settlement warrants this Court's preliminary approval, and Plaintiff's Counsel respectfully requests that the motion be granted.

Respectfully Submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: January 18, 2021  By:  */s/ Joshua P. Ward, Esq.*
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206
Counsel for Plaintiffs