IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH RULE and JENNIFER RIEDY, *On behalf of themselves and all others similarly situated,* | : : : : Case No.: 2:20-cv-00990-MPK : |
| Plaintiff, | : : Re: ECF No. 34 |
| v. | : : |
| UNIFUND CCR, LLC, | : : |
| Defendant. | : |

## ORDER

AND NOW, this 22nd day of January, 2021, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of a Class Action Settlement, ECF No. 34, and incorporating capitalized terms defined therein, it is hereby ORDERED, ADJUDGED, and DECREED that:

(a) After review of the Settlement Agreement and the record in this matter, the Court finds that the Settlement proposed by the parties is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class;

(b) The Court further provisionally finds, for settlement purposes only, that the proposed Settlement satisfies the requirements for a class action under Fed. R. Civ. P. 23;

(c) Specifically, the number of class members is so numerous that joinder of all members thereof is impracticable, there are questions of law and fact common to the Settlement Class Members, the Plaintiffs' claims are typical of the claims of the class members they seek to represent for settlement purposes, plaintiffs have and will continue to fairly and adequately represent the interests of the settlement class, the common questions of law and

fact predominate any unique questions affecting individual class members, and a class action provides a fair and efficient method for settling the controversy;

(d)     Finally, the Court finds that the proposed Class Notice Plan is reasonable and that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, that it meets the requirements of due process and Fed. R. Civ. P. 23, and that it is the best notice practicable under the circumstances since it provides individuals notice to all Settlement Class Members who can be identified through reasonable efforts and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class;

It is hereby ORDERED that:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of a Class Action Settlement is GRANTED;

2. The Settlement Agreement is APPROVED;

3. The Court CERTIFIES, for purposes of settlement only, the Class as a Settlement Class, with the exception of any Person who is subject to an existing release for the Released Claims, deceased, or excluded as a Class Member, consisting of the designated Class List, as follows: All individuals in the State of Pennsylvania against whom Unifund: (a) filed a lawsuit on or after June 8, 2019; (b) attaching Financial Source Documentation, defined in 204 Pa. Code § 213.81, as exhibits to one or more pleadings; (c) without filing an accompanying Confidential

Document Form; and (d) certifying, through counsel, compliance with 204 Pa. Code § 213.81.

4. The Court APPOINTS Joshua P. Ward and Kyle H. Steenland of The Law Firm of Fenters Ward as counsel to represent the Settlement Class, and for purposes of these settlement proceedings find that these attorneys are competent and capable of exercising their responsibilities as plaintiffs' class counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes;

5. The Court DESIGNATES Plaintiffs Jennifer Riedy and Beth Rule as the representatives of the Settlement Class;

6. The Court APPROVES First Class, Inc. as the Settlement Administrator. Defendant, through First Class, Inc., shall, at its own expense, SEND notice by U.S. First Class Mail, proper postage prepaid, to the last known address of those persons in the Settlement Class for whom they have such information in their records;

7. Each Settlement Class Member who wishes to be excluded from settlement must NOTIFY plaintiffs' class counsel and defense counsel no later than thirty-five (35) days following the initial mailing of the Class Notice, and must include their name, address, telephone number, and a statement that the Settlement Class Member wants to be excluded from the settlement in the above referenced and all Settlement Class Members who follow these procedures and wish to be excluded from the Settlement Agreement shall be DEEMED an Opt-Out;

8. All Opt-Outs SHALL NOT be Settlement Class Members, SHALL NOT be bound by the Settlement Agreement or the Final Order and Final Judgment, and RELINQUISH their rights to benefits with respect to the Settlement Agreement, should it be approved, and MAY NOT file an objection to the Settlement Agreement or to any applications for Attorney's Fees and Expense Award and Plaintiff's Service Payments (the "Fee and Expense Request");

9. Any Settlement Class Member who does not opt out shall be BOUND by all terms and provisions of the Settlement Agreement, including any release set forth therein, and the Final Order and Final Judgment, whether or not such Settlement Class Member objected to the settlement;

10. Any Settlement Class Member who does not become an Opt-Out and who wishes to object to the proposed settlement contained in the Settlement Agreement, the certification of the Settlement Class, the entry of the Final Order and Final Judgment, the amount of fees and/or the amount of any service payment for plaintiffs requested in the Fee and Expense Request, must NOTIFY plaintiffs' class counsel and defense counsel via U.S. Mail by sending a written statement setting forth the Member's objection and any supporting brief no later than thirty-five (35) days following the initial mailing of the Class Notice.

11. Any Settlement Class Member who fails to file and serve objections or exclusions shall be DEEMED to have waived all objections and shall be

FORECLOSED from making any objection, via appeal or otherwise, to the settlement;

12. The parties shall APPEAR before this Court for a Fairness Hearing on **May 14, 2021 at 10:00 A.M.** to determine whether the Settlement Agreement is fair, reasonable, and adequate, and thus should receive final approval, and the Court will rule on plaintiffs' class counsel's separate Fee and Expense Request at or after this hearing;

13. The motion for final approval, any papers in support of the final approval of the Settlement Agreement, the Plan of Allocation, and the Fee and Expense Request shall be FILED no later than April 19, 2021;

14. The dates of performance MAY BE EXTENDED with good cause shown and without further notice to the Settlement Class;

15. In the event that the Court does not approve the Settlement Agreement, or if for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or the Final Effective Date does not occur for any reason, the parties RESERVE all of their rights, including the right to continue with the litigation and all claims and defenses pending at the time of the settlement, including with regard to any effort to certify the Action as a class action;

16. Releasing Parties SHALL NOT commence, continue, or prosecute any Released Claim against any of the Released Parties (as those terms are

defined in the Settlement Agreement) in any court or tribunal pending the Fairness Hearing and the Final Effective Date;

17. Upon the Final Effective Date, all Settlement Class Members who had not become Opt-Outs shall be forever ENJOINED AND BARRED from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Settlement Class Members shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement; and

18. Further proceedings before this Court, excluding those necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are STAYED pending the Fairness Hearing.

BY THE COURT:

_____
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE