IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH RULE and JENNIFER RIEDY, *On behalf of themselves and all others similarly situated,* | : : : : Case No.: 2:20-cv-00990-MPK : |
| Plaintiff, | : : Re: ECF No. 36 |
| v. | : : |
| UNIFUND CCR, LLC, | : : |
| Defendant. | : |

# FINAL ORDER AND JUDGMENT

AND NOW, this 14th day of May 2021, after notice and a hearing pursuant to Fed.R.Civ.P. 23(e), to determine (i) whether the Class Action Settlement Agreement dated January 19, 2021, (the "Settlement Agreement") should be approved as fair, reasonable and adequate; (ii) an application for an award of incentive awards to the class representatives, (iii) an application by Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses, this Court finds, concludes and ORDERS as follows:

1.  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to those terms in the Settlement Agreement.

2.  The Notice of Proposed Class Action Settlement was mailed on February 19, 2021 to 1,125 individuals by and through First Class mail, postage prepaid, with Forwarding Service Requested.

3.  The Notice of Proposed Class Action Settlement substantially in the form approved in the Preliminary Approval Order was mailed to approximately 1,125 Class Members by and through the U.S. Postal Service addressed to the last known address appearing in the

records of Defendant, provided to First Class, Inc., and processed through First Class, Inc.'s Coding Accuracy Support System and the National Change of Address process of the U.S. Postal Service.

4. The initial class list provided by Defendant contained 1,128 records and three exact duplicates were found and removed.

5. The time for filing objections and exclusions expired on March 26, 2021. One class member requested exclusion from the Settlement. That class member, however, did not object to the amount that Defendant will pay the Settlement Class under the Settlement; did not object to the equitable relief provided by Defendant in the Settlement Agreement; and did not object to the motion for an award of attorneys' fees, costs and expenses. No other class member objects either to the Settlement, the application for incentive awards, or to the Motion for Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Payment of the Costs.

6. The following class is certified for purposes of settlement (the "Settlement Class"):

> All individuals in the State of Pennsylvania against whom Unifund: (a) filed a lawsuit on or after June 8, 2019; (b) attaching Financial Source Documentation, defined in 204 Pa. Code § 213.81, as exhibits to one or more pleadings; (c) without filing an accompanying Confidential Document Form; and (d) certifying, through counsel, compliance with 204 Pa. Code § 213.81

7. Excluded from the Settlement Class for all purposes is every person who submitted a timely request for exclusion, each of whom is identified in the attached Exhibit A.

8. The Settlement Class consists of 1,124 members after opt-outs are removed. The size of the Settlement Class meets the numerosity requirement of Rule 23(a)(i) and the joinder of all Settlement Class members is impractical.

9. This action involves questions that are common to all Settlement Class members relating to the whether the alleged conduct constitutes a violation of the Fair Debt Collection

Practices Act and whether the alleged conduct constitutes a false and misleading representation in connection with the collection of an alleged debt. These common questions will generate class-wide answers that will advance the conclusion of the litigation as required by Rule 23(a)(2).

10. The claims and legal theories of the representative plaintiffs and the Settlement Class members are the same: They assert that alleged conduct is within the purview of the Fair Debt Collection Practices Act and violative of the same provisions contained therein. As such, the Settlement Class Representatives' claims are typical of the Settlement Class members as required by Rule 23(a)(3).

11. Joshua P. Ward and Kyle H. Steenland, counsel for plaintiffs, have substantial experience handling complex litigation and is competent in handling and class actions. Counsel has prosecuted this action at arm's length and advanced the interests of the Settlement Class with dedication and competence to date. Counsel is qualified under Rule 23(a)(4).

12. The Settlement Class Representatives have participated in the litigation and have no conflicts with the members of the Settlement Class and will fairly and adequately protect the interests of the Settlement Class under Rule 23(a)(4).

13. The Settlement Class is defined by reference to objective criteria and there is a reliable and administratively feasible mechanism for determining whether persons and entities are within the definition of the Settlement Class. The Settlement Class can be and has been ascertained under Rule 23(a).

14. The Settlement Class satisfies the standards of Rule 23(a).

15. The predominance inquiry under Rule 23(b)(3) focuses on whether the defendant's conduct was common to the members of the Settlement Class and whether the Settlement Class members were harmed by that conduct. The alleged conduct arose in a near-

identical fashion in each Settlement Class member's underlying case and was made in connection with the same provision of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania. Defendant's conduct was uniform for the Settlement Class members. Common questions, including the whether the allegations give rise to a violation of the Fair Debt Collection Practices Act, whether the alleged conduct constitutes a material false and misleading representation in connection with the collection of an alleged debt, and whether the alleged conduct constitutes an action that cannot legally be taken. These questions predominate over individual questions.

16. Because the issues of law arise from defendant's uniform common course of conduct, class-wide treatment of the claim will be more efficient and superior to other possible forms of action. Class treatment will ensure that all Settlement Class members' claims are resolved, including those with small claims; the administration of justice will be equal to all Settlement Class members. Proceeding as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

17. The Settlement Class is certified for settlement purposes under Fed.R.Civ.P. 23(b)(3).

18. The defendant has acted in the same manner toward all Settlement Class members, and the Settlement Class is also certified under Fed.R.Civ.P. 23(b)(2).

19. Beth Rule and Jennifer Riedy are appointed as Settlement Class Representatives on behalf of all Settlement Class members.

20. Joshua P. Ward and Kyle H. Steenland of J.P. Ward & Associates, LLC, are appointed Counsel for the Settlement Class. Counselors are experienced in class action litigation, professional, capable and qualified to serve as counsel for the Settlement Class.

21. The legal and factual issues that would arise at trial would be complex, require additional time-consuming discovery, and take substantial amounts of time to try. The settlement benefits the Settlement Class by avoiding years of uncertainty from litigation and appeals and substantial litigation costs. This factor favors approving the Settlement Agreement.

22. The reaction to the proposed settlement class was overwhelmingly favorable. This factor favors approving the Settlement Agreement.

23. The parties had completed briefing on the motion for judgment on the pleadings and the substance of counsel's knowledge about the case is more than adequate to support the settlement.

24. The risks of establishing liability and damages favor approval of the Settlement Agreement. Both parties have cogent, well supported arguments in favor of their positions. The liability issues are difficult, and as the mediator confirmed, the results are highly uncertain.

25. The factors of risk that the class would not be maintained through trial and ability of Defendant to withstand a greater judgment are not relevant factors to approving the Settlement Agreement.

26. The reasonableness of the settlement in light of the best possible recovery and the risks the parties would face if the case went to trial strongly favor approving the Settlement Agreement. The issues related to the merits are close. The risks if the case went to trial are significant for all parties. The settlement reflects those risks and provides substantial benefits to the Settlement Class.

27. The Court approves the Settlement Agreement and its terms. It is in all respects fair, reasonable and adequate and meets the requirements of Fed.R.Civ.P. 23.

28. The parties shall consummate the terms and provisions of the Settlement Agreement.

29. The Court approves the Plan of Administration and Distribution and its terms and provisions. The distribution to the members of the Settlement Class is based on the following assumptions to which the Settlement Administrator is entitled to rely: (a) Defendant shall transfer to the Settlement Administrator sufficient funds to pay each Class Member the total sum of Thirty Dollars, provided such Class Member's Account has been closed by the time payment to Class Member is due hereunder (the "Settlement Fund"); (b) Unifund shall credit the balance due on each Class Member's Account the total sum of One Hundred Dollars ($100), provided such Class Member's Account has not been closed by the time payment is due. If a Class Member's Account remains open, but has a balance less than $100, including principal and interest, Defendant shall credit the entire remaining balance and close the Account; (c) Defendant has filed motions to seal the relevant confidential documents filed in the underlying action against the Class Member.

30. As of the date on which this Order becomes final, Plaintiffs and all Settlement Class Members will forever release and discharge the Released Persons from and against any and all Claims, and from and against all damages and declaratory, injunctive, equitable, or other relief arising from or related to the facts asserted in the Action, whether known or unknown, foreseen or unforeseen. For all intents and purposes, "Released Persons" means Unifund and each of its Related Parties, specifically including, for avoidance of doubt, Tsarouhis Law Group, LLC.

31. This action is hereby dismissed with prejudice.

34. The Court hereby grants plaintiffs' Application for Award of Counsel Fees, Costs and Expenses, awarding attorneys' fees of $25,000.00, inclusive of costs and expenses. The Court hereby additionally grants incentive awards to Beth Rule and Jennifer Riedy in the amount of $1,250.00 each.

35. Without affecting the finality of this Final Order and Judgment, this Court hereby reserves and retains continuing jurisdiction over this action, the parties to the Settlement Agreement and the Settlement Class members, for all matters related to this action, the Settlement, and this Final Order and Judgment, including but not limited to the administration, interpretation, effectuation or enforcement of the settlement and this Final Order and Judgment.

**SO ORDERED, ADJUDGED AND DECREED.**

*/s/ Maureen P. Kelly*
**The Honorable Maureen P. Kelly**
**United States Magistrate Judge**

**EXHIBIT A**

The following persons and entities are EXCLUDED from the Settlement Class:

1.  Daniel John Mullaney